FILED
AUG 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ISSE,<br>4939 Carriage Park Road<br>Fairfax, VA 22032<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN UNIVERSITY<br>4400 Massachusetts Avenue NW<br>Washington, D.C. 20016<br>Serve: Cornelius Kerwin,<br>       Interim President<br><br>and<br><br>KEVIN WYATT<br>Department of Transportation<br>4400 Massachusetts Avenue NW<br>Washington, D.C. 20016<br>    Defendant | Civil Action No. _____<br>JURY TRIAL DEMANDED<br><br>CASE NUMBER 1:06CV01422<br>JUDGE: Colleen Kollar-Kotelly<br>DECK TYPE: Employment Discrimination<br>DATE STAMP: 08/11/2006 |

JURY ACTION

## COMPLAINT

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, because the Defendant American University ("the University") unlawfully discharged Plaintiff Mohammed Isse because of his Muslim religion.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §U.S.C. 1981, et seq. and 28 U.S.C. 1331 and 1343.

3. Venue is proper in this Court because the Defendant is located in the District of Columbia, and all relevant actions took place in the District of Columbia.

### PARTIES

4. Plaintiff Mohammed Isse is a male citizen of the United States who resides in Fairfax, Virginia. He was a full-time employee of American University since on or about 1990 until September 16, 2005. He is an "employee" as defined in Title VII. Mr. Isse's national origin is Somali and his religion is Muslim.

5. Defendant American University is the entity that employed Plaintiff Isse. It is an "employer" subject to the requirements of Title VII and to suit under 42 U.S.C. § 2000e.

6. Kevin Wyatt is the University's Shuttle Operations Coordinator. He was Mr. Isse's direct supervisor while Mr. Isse was employed by the University.

## JURISDICTIONAL PREREQUISITES SATISFIED

7. Plaintiff filed a charge of employment discrimination against the Defendant with the DC Office of Human Rights and the Equal Employment Opportunity Commission on January 4, 2006. By a document entitled "Dismissal and Notice of Rights" dated May 9, 2006, the EEOC notified Isse of his right to sue. Isse received this notice on or about May 12, 2006. This suit has been filed within 90 days of Isse's receipt of notification of his right to sue.

## FACTUAL BASIS OF COMPLAINT

8. Mr. Isse worked for the University as a full-time shuttle bus driver for approximately 16 years.

9. Mr. Isse's performance evaluations and ratings throughout his years of employment with the University were never less than satisfactory. On numerous occasions during Isse's employment, Wyatt made derogatory comments to Isse and others about Muslims in general and the fact that Isse is Muslim.

10. On numerous occasions during Isse's employment, Wyatt denied Isse the right to attend Muslim prayer sessions during regular midday breaks or otherwise interfered with Isse's right to attend such prayer sessions during his breaks.

11. On April 8, 2005, defendant Wyatt issued a written warning to Isse that he had violated a

safety rule on April 4, 2005, by dropping off passengers at unauthorized stops. Wyatt acted on the belief of a passenger of the bus that Isse was the driver. Isse was not the driver of that bus and so told Wyatt and the University. Nevertheless, the University refused to rescind the written warning.

12. On July 26, 2005, defendant Wyatt issued a written warning to Isse that he had engaged in "careless, reckless, or slipshod work" on July 11, 2005, by entering a University gate without using turn signals and running through a stop sign. Isse was not driving the bus at the time these actions were observed and so told Wyatt and the University. Nevertheless, the University refused to rescind the written warning. Other non-Muslim drivers have engaged in the same or similar conduct and have not been subject to discipline.

13. On September 16, 2005, defendant Wyatt and the University terminated Isse's employment with the University for "deviating from the approved route," allegedly in violation of instructions issued by Wyatt. Isse was not presented with the alleged instructions prior to the conduct cited. Other non-Muslim drivers have engaged in the same or similar conduct and have not been subject to discipline.

14. Had Wyatt and the University not issued and/or rescinded the unwarranted written warnings Wyatt had previously issued to Isse, Isse's employment by the University would not have been terminated.

## COUNT ONE

(Unlawful Termination in violation of Title VII)

15. Plaintiff hereby incorporates as though restated each of the factual allegations stated in

-3-

paragraphs 1 through 14.

16. Defendants' actions in terminating Plaintiff Isse's employment because of his religion violated Title VII, 42 U.S.C. §2000e-2.

17. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of income and other employment benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering, and damage to his personal reputation justifying an award including, but not limited to, reinstatement to his position, lost income (back and front pay), interest on lost income, restoration of lost benefits, and compensatory damages, plus costs and attorney's fees, as permitted under Title VII as amended.

## COUNT TWO

(Retaliation Against Plaintiff for seeking reasonable accommodation)

18. Plaintiff hereby incorporates as though restated each of the factual allegations stated in paragraphs 1 through 14.

19. During his employment, Isse regularly requested from his supervisor, Kevin Wyatt, that he be allowed to take his mid-day break on Fridays at a time that would permit him to attend Muslim prayer sessions.

20. On numerous occasions, defendant Wyatt either refused to grant Isse permission to take his break on Fridays so that he could attend Muslim prayer sessions or obstructed Isse so that he was unable to arrive at the prayer session on time.

21. On numerous occasions when defendant Wyatt denied Isse such permission or delayed in granting such permission with full knowledge that such delay would interfere with Isse's

ability to attend the full prayer session, Isse would complain to Wyatt that he (Isse) had a legal right to take his break at a time when he could attend the prayer session and that Wyatt's actions violated Isse's legal rights. On some occasions, Wyatte granted Isse permission only after Isse threatened to complain to the president of the University directly about Wyatt's conduct.

22. Wyatt's actions in securing Isse's discharge constituted unlawful retaliation for Isse's assertion of his right to accommodation for religious observance guaranteed by 42 U.S.C. §2000e(j).

23. The University was on actual or constructive notice of Wyatt's actions and is responsible for them.

24. As a direct and proximate result of Defendants' actions, Plaintiff has suffered loss of income and other employment benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering, and damage to his personal reputation justifying an award including, but not limited to, reinstatement to his position, lost income (back and front pay), interest on lost income, restoration of lost benefits, and compensatory damages, plus costs and attorney's fees, as permitted under Title VII as amended by the Civil Rights Act of 1991.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court order the following relief:

a) Immediately reinstate Plaintiff to his employment;

b) Enter a declaratory judgment that Defendant American University unlawfully violated Plaintiff's rights in violation of Title VII;

## **VERIFICATION**

I, Mohammed Isse, being duly sworn under oath, do hereby state that I have read the foregoing Verified Complaint and Demand for Jury Trial and that it is true to the best of my knowledge, information and belief.

_____
Mohammed Isse

Subscribed and sworn to before me this /0'7/ day of August, 2006.

_____
Notary Public

My commission expires: /2-/-/0 _____

c)  Award to Plaintiff and against Defendants lost income (back and front pay) and other employment benefits;

d)  Award to Plaintiff and against Defendants compensatory damages;

e)  Award to Plaintiff and against Defendants punitive damages;

f)  Award to Plaintiff and against Defendants pre-judgment and post-judgment interest;

g)  Award to Plaintiff and against Defendants attorneys' fees, costs and disbursements associated with prosecution of this action;

h)  Direct defendants to expunge from Plaintiff's employment records any and all references to their unlawful termination of his employment and the incidents that led thereto; and

i)  Award to Plaintiff such additional relief as justice may require.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues of fact and damages.

Respectfully submitted,

Mohamed A. Isse (Pro Se)
4939 Carriage Park Road
Fairfax, VA 22032
(202) 256-2352

EEOC Form 161 (10/96)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mohamed A. Isse
4939 Carriage Park Road
Fairfax, VA 22032

From: Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-00059 | Jean McGinnis-Barrera | (205) 212-2056 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

06 1422   FILED   AUG 11 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Beverly S. Hinton for
Bernice Williams-Kimbrough, District Director

5/9/06
(Date Mailed)

Enclosure(s)

Thi Nguyen-Southern, Associate General Counsel
American University
4400 Massachusetts Avenue, NW
Washington, DC 20016-8165