UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED ISSE )
4939 Carriage Park Road )
Fairfax, VA 22032 )
 )
         Plaintiff,        )   Case Number 1:06CV01422 (CK)
 )
    -v- )
 )
AMERICAN UNIVERSITY )
4400 Massachusetts Ave., NW )
Washington, DC 20016 )
 )
    & )
 )
KEVIN WYATT )
4400 Massachusetts Ave., NW )
Washington, DC 20016 )
 )
         Defendants.        )

### DEFENDANTS' ANSWER AND GROUNDS FOR DEFENSE

COMES NOW, the Defendants (hereinafter the "University"), by and through their Counsel, and in answer to the Complaint filed in the above referenced matter states as follows:

1.   Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the University denies allegations contained therein.

2.   Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no

1

response is required. To the extent a response is deemed required, the University denies allegations contained therein.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the University denies allegations contained therein.

4. The University admits Mohammed Isse was a full-time shuttle bus driver in Transportation Services since on or about October 13, 1990. The University admits Mohammed Isse was terminated from employment with the University on September 16, 2005. The University denies the characterization of the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. The University admits Mohammed Isse was a full-time shuttle bus driver in Transportation Services since on or about October 13, 1990 through September 16, 2005. The University denies the characterization of the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. The University admits Kevin Wyatt is currently the Shuttle Operations Coordinator at American University and as such supervises the shuttle bus staff of full-time and part-time drivers. The University denies the characterization of the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. The University admits Mr. Isse filed a Charge of Discrimination with the D.C. Office of Human rights on or about January 4, 2006. The University admits The U.S. Equal Employment Opportunity Commission sent a Dismissal and Notice of Rights and Notice of Suit Rights, dated May 9, 2006 to Mr. Mohammed A. Isse. The University denies the remaining

allegations in Paragraph 7 of Plaintiff's Complaint.

8. The University admits Mr. Isse started full-time employment as a Shuttle Driver on or about October 13, 1990. The University denies the characterization of the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. The University denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. The University denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. The University admits a Memorandum with the subject line of "AU Staff Policy Level II Violations: Willful Violation of Safety Rules", dated April 8, 2005 was given to Mr. Isse. The University denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. The University admits a Memorandum with the subject line of "Level II Written Warning: Careless, Reckless, or Slipshod Work", dated July 26, 2005 was given to Mr. Isse. The University denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13. The University admits a Memorandum of Termination of Employment was given to Mr. Isse on September 16, 2005. The University denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the University denies the characterization of the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. The University incorporates its responses to the allegations contained in paragraphs 1 through 14 above, as fully set forth herein.

16. The University denies the allegations in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. The University denies the allegations in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. The University incorporates its responses to the allegations contained in paragraphs 1 through 14 above, as fully set forth herein.

19. The University denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. The University denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. The University denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. The University denies the allegations in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. The University denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. The Paragraph 24 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, the University denies the allegations contained therein.

## GENERAL DENIAL

The University denies all allegations in the complaint not specifically admitted, denied, qualified, or otherwise addressed. The University further denies that the Plaintiff is entitled to the relief he has demanded in his complaint.

## AFFIRMATIVE DEFENSES

The University reserves the right to assert the following defenses should further investigation or discovery disclose a basis therefore:

## FIRST DEFENSE

The complaint fails to state a claim against the University upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or part, by the Doctrine of Laches.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principle of estoppel, waiver, discharge, and/or release.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the failure of the complaint to allege sufficient legal and/or factual basis for compensatory or punitive damages.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred based upon lack of subject matter jurisdiction.

## EIGHTH DEFENSE

Plaintiff's claims are barred based upon lack of personal jurisdiction.

## NINTH DEFENSE

Plaintiff's claims are barred because the University's actions were based on nondiscriminatory factors other than Plaintiff's alleged religion.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent he failed to properly exhaust administrative remedies to the extent that he has elected an administrative remedy.

5

The University reserves the right to rely on any other defenses that through further investigation or discovery may become known during the course of that action as well as reserves the right to delete any defenses previously raised herein or amend any responses to the allegations made herein should further investigation or discovery demonstrate that there is no basis for such defense or response to such allegations.

WHEREFORE, Defendant requests that the Complaint be dismissed.

Dated: September 05, 2006         Respectfully submitted,

                                  AMERICAN UNIVERSITY


                                  /s/ Hisham R.O. Khalid
                                  Hisham R.O. Khalid (DCB # 445494)
                                  Office of General Counsel
                                  4400 Massachusetts Ave., NW
                                  Washington, DC 20016-2724
                                  (202) 885-3285

                                  Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2006, a true and correct copy of the foregoing Defendants' Answer and Grounds for Defense was served by first-class U.S. mail, postage prepaid, upon:

Mohammed Isse, *(pro se)*
4939 Carriage Park Road
Fairfax, VA 22032


/s/ Hisham R.O. Khalid
Hisham R.O. Khalid