# MEMORANDUM

**To:**       Staff Personnel Review Board

**Via:**      Human Resources

**From:**     Mohamed Isse

**Date:**     September 26, 2005

**Subject:**  Appeal of Termination

---

## STATEMENT OF APPEAL:

I, Mohamed Isse, am a Muslim American of Somali ethnicity.  I have been a loyal and productive shuttle bus driver for American University for over 15 years.  After working part-time in 1989, I started full-time employment in 1990.

I appeal my termination of employment on two grounds.  First, I deny that I received the April 11, 2005 notice, as stated in the September 16, 2005 termination letter that drivers are not to deviate from normal route without prior approval.  I also deny involvement in the incidents described in the April and July 2005 warning letters. Second, I affirm that I was terminated by my supervisor Kevin Wyatt in retaliation for my disclosures and complaints about racial and religious discrimination. I also suspect that my termination was timed to occur before I could talk to Pat Kelshian.

## A.  Denial of Receipt of April 11, 2005 Notice and Denial of April and July 2005 Warning Letter Allegations

I did not receive the April 11, 2005 notice that drivers were not to deviate off the normal route without prior approval. The only route that I was instructed that I could not deviate from was the Metro to Law School route.  Kevin Wyatt and Anthony Newman

instructed us during a meeting that we must take Brandywine to Wisconsin leaving the Metro. I feel like I am being unfairly targeted because other drivers have also been taking Grant Avenue and making a left turn from there. It was only on September 15, 2005 that Kevin Wyatt instructed me not to deviate from the route from Tenley Metro to the AU Campus.

The termination letter also mentions warning letters I received on April 8, 2005 (allegedly for dropping off passengers at an unauthorized stop) and July 26, 2005 (allegedly for failing to use a turn signal and running a stop sign). Kevin Wyatt issued these warning letters without consulting me first to give me the opportunity to defend myself or to provide proof to the contrary. He only discussed these incidents with me after issuing the warning letters. Although I appealed the April (on that day, I was responsible for driving a bus on a different route than the one I was alleged to be driving) and July (there was a discrepancy in the time I was allegedly spotted entering Fletcher Gate) warning letters in my August 9, 2005 letter to Anthony Newman, Director of Risk Management/Transportation Services, the appeal was denied (August 23, 2005 Response to Grievance Memo) on the sole evidence of witnesses who allegedly saw me; witnesses I had not had the opportunity to cross-examine. Anthony Newman also refused to provide/accommodate my requests for hard evidence such as the route sheets for April 8, 2005 with my signature and a copy of the gas bill for July 26, 2005.

**B. Retaliatory Action for Complaining about Discriminatory Conditions of Employment and for Being Outspoken**

I believe that Kevin Wyatt is unfairly targeting me in retaliation for my complaints of consistent discrimination and complaints about his supervision to Human Resources. I also believe that the termination was timed to prevent me from meeting with Pat Kelshian.

Since 1999, I have faced harassment and discrimination from Thomas Leathers (at that time Manager of Transportation Services) and Kevin Wyatt (Shuttle Supervisor). I feel this discrimination occurred on the basis of my national origin and religion. For instance, Kevin Wyatt and Thomas Leathers used to tell me to change my name because it was too Muslim. I also had a hard time getting permission to use my one-hour lunch break to attend Friday prayers for Muslim Student Association. I have complained about this to Human Resource officials several times (for example: January 30, 2002 letter to Brenda K. Harner, Policy Analyst and March 27, 2003 letter to Beth Muha, Executive Director, Human Resources).

On February 23, 2005, I sent a letter to Beth Muha (Executive Director, Human Resources), Pat Kelshian (Risk Management), and Anthony Newman (Risk Management) objecting to a Level I warning that I had received from Kevin Wyatt for Stopping Work without permission even though the bus had a mechanical failure in temperature control. In the letter I also asked the Human Resources officials to investigate claims that I had been wrongfully cited by Kevin Wyatt.

Since then, I have also been speaking to Anthony Newman to complain about discriminatory conditions and certain corrupt practices at the work place, including

parking irregularities, false timesheet recording, and Kevin Wyatt's favoritism towards other drivers. I also requested that false allegations against me be removed from my files. However, Anthony Newman told me that he could not remove these files because I involved a lawyer (my lawyer had sent a letter to Kevin Wyatt, Pat Kelshian, and Anthony Newman on February 1, 2005 protesting Kevin Wyatt's claim that he had not told me that I did not have to come to work on MLK Day).

When I told Anthony Newman of my intention to speak to his superiors, Pat Kelshian and Beth Muha, Executive Director Human Resources, to get them to remove the files, he became upset. On September 2, 2005, I called Pat Kelshian's office and left a message to set up an appointment. On September 5, 2005, Anthony Newman contacted me to ask why I wanted to meet Pat Kelshian. I told him it was personal, but he convinced me to meet with him again. He and I met again on September 8, 2005 to discuss the removal of the warnings but again we failed to reach a resolution. On September 14, I went to Pat Kelshian's office to see if I could schedule a meeting and left a message with her assistant who told me that Ms. Kelshian couldn't see me that day. On September 16, 2005, I received my termination notice.

The close timing between my attempt to see Pat Kelshian and the receipt of my termination notice is a signal that I was being terminated in retaliation for my disclosures. My quick termination unjustly occurred before I had the full opportunity to argue the merits of the April 8, 2005 and July 26, 2005 warning letters and was the result of on going discrimination and harassment due to my race, religion, and national origin.

## REMEDY OR RELIEF SOUGHT:

1. Reinstatement as shuttle bus driver with all previous rights and benefits

2. Halt to continued harassment and racial and religious discrimination


Sincerely,

Mohamed Isse


Enclosure: August 9, 2005 letter