# AMERICAN UNIVERSITY
W A S H I N G T O N, D C

HUMAN RESOURCES

## MEMORANDUM

**To:** Mohamed Isse

**From:** Grace C. Karmiol, Director of HR Policy and Regulatory Affairs

**Date:** May 1, 2002

**Re:** Determination of Discrimination Complaint

The Office of Human Resources has thoroughly investigated your complaint against your supervisors Kevin Wyatt and Thomas Leathers. Your complaint alleged that your current supervisors, Wyatt and Leathers, discriminated against you on the basis of national origin by: (1) directing relief drivers to not allow you breaks allowed to others; (2) not granting your request to move to the day shift; (3) not providing you with a sufficient salary increase; (4) delaying the payment for a required drug test following an accident; (5) singling you out during performance evaluations; and (6) paying employees for time they are not working.

The Office of Human Resources has found no evidence of discrimination against you by your supervisors, Kevin Wyatt and Thomas Leathers. Specifically, the investigation showed that the merit increase you were given, both before and after the adjustment, was an equitable one based on your performance management worksheet and the merit increases given to your co-workers.

In addition, the investigation revealed that your supervisor offered you an opportunity to move to the day shift, which you turned down. The position was already promised to another employee by the time you changed your mind and wanted to reverse your decision. This does not indicate discriminatory behavior by your supervisors.

With respect to your allegation regarding discriminatory treatment in the allocation of breaks, the investigation showed that the department policy regarding breaks that was in place at the time you made your complaint, stated that only those shuttle operators assigned to the Glover/Tunlaw/WCL route were permitted a 15 minute break in addition to their meal break. Any breaks outside of those permitted by department policy are unauthorized and may be cause for disciplinary action. This office has found this policy, and its implementation by department management, to be equitable.

On your allegation involving delayed payment for a drug test, the record shows that Mr. Leathers arranged for the payment of a medical bill that resulted from a mandatory drug test in November 2000. A note on a copy of the bill you submitted indicated that payment of the bill was received by the hospital in December 2000. Your continued receipt of bills which resulted in the matter going to collections demonstrates an error in the accounts department of the hospital. It does not indicate discriminatory behavior by your supervisors.

Additionally, you were not able to substantiate your claim that your immediate supervisor, Kevin Wyatt, has been singling you out or demonstrating discriminatory behavior towards you during performance evaluations. Finally, there is no evidence to support your claim that the department has been paying employees for time they have not worked.

Our office takes complaints of retaliation very seriously. If you believe there is future evidence of discrimination, you may bring it to our attention and we will review the matter. If you have any questions or any additional concerns, please feel free to contact Brenda Harner on extension 3550.

C:  Colleen Carson, Director of Public Safety
    Thomas Leathers, Manager of Transportation Services
    Kevin Wyatt, Shuttle Supervisor