

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205
(205) 212-2148
TTY (205) 212-2112
FAX (205) 212-2105

# DETERMINATION INTERVIEW WITH CHARGING PARTY <u>SUMMARY SHEET</u>
# <u>MEMO TO FILE</u>

### DATE: <u>4-14-06</u>     TIME: <u>10:00am</u>

### By Phone: <u>X</u>     By Mail: <u>_____</u>     In Person: <u>_____</u>

### Charge No: <u>570-2006-00059</u>     Style: <u>Mohamed A. Isse vs. American University</u>

## Evidence/Rationale Given to CP:

I discussed with CP his allegation that from February 2000, to August 2005, he was denied his request to use his lunch break for "Friday Muslim Prayer". I also discussed with CP that from March 2004, to August 2005, he was harassed by being subjected to religious based, disparaging remarks. I further discussed CP final allegation that on September 16, 2005, he was discharged because of his religion, Muslim, age, 45 years and national origin, Somalian.

I also discussed with CP R's denial of his allegation. R contends and evidence supports that CP engaged in a series of safety violation related to his operation of shuttle buses over the period of April to mid September 2005. Although CP was repeatedly counseled and disciplined regarding these driving allegations, his job performance did not improve. As a result of these continued safety violations and his insubordination for refusing to follow established driving procedures CP was discharged in accordance with R's procedures. With regards to CP's allegation that he was denied an accommodation for "Friday Muslim Prayer", the evidence shows that R did, in fact, accommodate his request by allowing him to take his lunch break from 1:00 to 2:00pm in order to attend his religious service. No evidence was found that CP ever filed a complaint alleging that R failed to provide this accommodation. With regards to CP's allegation that he was subjected to religious based, disparaging remarks, CP was unable to identify and witnesses or evidence in support of this allegation.

CP continued to repeat his above allegations without providing any source of supporting evidence. CP does not deny that he was counseled and warned regarding driving procedures and that he elected to disregard these warnings. CP fails to identify any younger, non-Muslim or non-Somalian employees who were treated more favorably under the same or similar conditions.

CP provides no rebuttal or additional information in support of his charge allegations.

Based on the above, a no cause finding is recommended.

*Jean McGinnis-Barrera, Investigator*