UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ISSE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITY, *et al.*,<br><br>Defendants. | Civil Action No. 06-1422 (CKK) |

**ORDER**
(August 21, 2007)

Defendant filed its [14] Motion for Summary Judgment in this matter on May 31, 2007. On August 17, 2007, following an extension, Plaintiff, who is proceeding in this matter *pro se*, filed his [17] Opposition to Defendant's Motion for Summary Judgment, along with an accompanying Statement of Material Facts in Dispute. Defendant's Reply is currently due on August 31, 2007; however, in reviewing Plaintiff's Opposition, the Court has determined that Plaintiff's Statement of Material Facts in Dispute fails to comply with Local Civil Rules 7(h) and 56.1, and thus with this Court's October 11, 2006 and April 27, 2007 Scheduling and Procedures Orders, which specifically advise the parties that "[t]he Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules." *Isse v. Am. Univ.*, Civil Action No. 06-1360, Order (D.D.C. Oct. 10, 2006) and Order (D.D.C. Apr. 27, 2007) (citing *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002)). The Court has attempted to parse Plaintiff's Statement of Material Facts in Dispute in order to determine which factual issues remain in dispute in this matter, but is unable to do so.

The District Court for the District of Columbia has supplemented Federal Rule of Civil Procedure 56 with Local Civil Rule 56.1, which requires that each party submitting a motion for summary judgment attach a statement of material facts as to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in fashioning the statement.[1] The party opposing such a motion must, in turn, submit a statement of genuine issues enumerating all material facts which the party contends are at issue and thus require litigation. *See* LCvR 56.1. Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted. LCvR 56.1. As the District of Columbia Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)). Because of the significance of this task and the potential hardship placed on the

---

The Rule provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, *the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.*

LCvR 56.1 (formerly known as Local Rule 108(h) (emphasis added).

2

court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1. *See id.* at 150 (citations omitted). Plaintiff's Statement of Material Facts in Dispute fails to comply with his obligations under Local Civil Rule 56.1.

Accordingly, it is this 21st day of August, 2007, hereby

**ORDERED** that [17] Plaintiff's Opposition to Defendant's Motion for Summary Judgment, along with the accompanying Statement of Material Facts in Dispute, shall be stricken; it is also hereby

**ORDERED** that Plaintiff shall file a revised Opposition to Defendant's Motion for Summary Judgment, including a properly prepared response to Defendant's Statement of Material Facts As to Which There is No Genuine Dispute, which responds to each paragraph of Defendant's Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. Plaintiff should include any information relevant to his response in that paragraph. If Plaintiff has additional facts that are not addressed in the corresponding paragraphs, Plaintiff should include these at the end of its responsive statement of facts. At all points, Plaintiff must furnish precise citations to the portions of the record on which he relies; it is also hereby

**ORDERED** that Plaintiff shall file his revised Opposition on or before September 7, 2007. In light of the fact that Plaintiff is proceeding *pro se* in this action, the Court is allowing Plaintiff an opportunity to properly comply with his obligations pursuant to Local Civil Rules 7(h) and 56.1. However, the Court notes that the proper procedures for responding to a Motion for Summary Judgment were explained in this Court's October 11, 2006 and April 27, 2007

Scheduling and Procedures Orders as well as at the Status Conference held on April 26, 2007; it is also hereby

**ORDERED** that Defendant shall file its Reply to Plaintiff's Opposition on or before September 21, 2007.

**SO ORDERED.**

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge

Copy to:

MOHAMMED ISSE
4939 Carriage Park Road
Fairfax, VA 22032
(202) 256-2352
PRO SE